**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 98-51232
Summary Calendar

KENNETH D. MALONE; OUIDA MALONE,

Plaintiffs-Appellants,

versus

STATE FARM LLOYDS,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
(SA-96-CV-1041)

November 22, 1999

Before POLITZ, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Kenneth D. Malone and Ouida Malone appeal an adverse partial summary judgment, an adverse Fed.R.Civ.P. 50 judgment as a matter of law, and several evidentiary rulings in their action against State Farm Lloyds Insurance Company. For the reasons assigned we affirm.

## Background

The Malones filed a claim under their homeowner's insurance policy for cracking in the foundation of their home. State Farm denied coverage after an

---

[*]Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

investigation reflected that the cracking resulted from a settling due to natural cyclical soil expansion and contraction which was not covered by the policy. A small leak in a condensate line was found, however, and State Farm paid the cost of this repair. The money was used by the Malones to install piers to stabilize the foundation.

The Malones sued State Farm in state court, urging claims for breach of contract, and for violations of the Deceptive Trade Practices Act and Texas Insurance Code. State Farm removed the action to federal court. In due course the trial judge granted a partial summary judgment to State Farm on the extra contractual claims, limited the expert testimony offered by the Malones,[1] and, at close of the Malones' case-in-chief, granted a Rule 50 judgment as a matter of law. This appeal followed.

Analysis

The Malones contend that the district court erred in restricting the testimony of their expert witness, Per Schneider, in excluding the testimony of Bob Dodd, and in placing a time limit on the cross examination of State Farm's expert witness. In addition they contend that summary judgment was inappropriate as to some of the Malones' extra contractual claims because they were not raised in the motion for summary judgment.

The trial court did not err in excluding portions of Schneider's testimony because it did not accurately reflect the data upon which it purported to rely and was not sufficiently grounded in fact. Under the teachings of **Daubert** it was properly excluded. The same applies to Schneider's proposed testimony on damages. Nor did

---

[1] Fed.R.Evid. 702, 703; **Daubert v. Merrell Dow Pharmaceuticals, Inc.**, 509 U.S. 579 (1993).

the court err in limiting testimony not tendered in Schneider's deposition, but consisting of newly formed opinions apparently based on data developed after the deposition.

We perceive no error in the exclusion of Dodd's testimony. The Malones contend that the exclusion was based on Dodd's failure to comply with three subpoenas. They claim that his failure to appear for the deposition was the result of mutual scheduling conflicts. It is clear from the court's December 18 order, however, that Dodd was excluded because the Malones' attorney had misled State Farm into believing that Dodd would not testify. The exclusion of Dodd's testimony as unfair surprise was an appropriate response to the Malones' failure to designate their witnesses and supplement their designations.[2]

We find no abuse of discretion in the trial court's placement of a limitation on cross examination of State Farm's expert. We perceive no harm to the Malones' case caused by this limitation, nor do the Malones describe any in brief.[3]

Finally, the trial court neither erred in granting judgment to State Farm under Rule 50, nor in its partial summary judgment on the extra contractual claims.[4]

The district court is AFFIRMED.

---

[2] Fed.R.Civ.P. 26(a)(e); Fed.R.Civ.P. 37(b), (c)(1).

[3] **Sims v. ANR Freight Systems, Inc.**, 77 F.3d 846 (5th Cir. 1996).

[4] **Celotex Corp. v. Catrett**, 477 U.S. 317 (1986).